IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**DEBRA SMITH,**

    **Plaintiff,**                            **Civil Action No.** 3:24-cv-00080
                                                **JURY TRIAL DEMANDED**

v.

**RIVER VALLEY CHILD DEVELOPMENT SERVICES,**

    **Defendant,**

## COMPLAINT

Plaintiff, Debra Smith, a citizen of the United States and resident of the State of West Virginia, brings this civil action under the Family and Medical Leave Act of 1993 (FMLA), 29 USC §2601 *et seq.*, the West Virginia Human Rights Act, W. Va. Code §5-11-1, *et seq.*, and the common law of West Virginia. The Defendant, River Valley Child Development Services, terminated Ms. Smith the day that her FMLA leave expired. Ms. Smith seeks compensatory, liquidated, and punitive damages for the Defendant's malicious termination of her.

## PARTIES

1. Plaintiff, Debra Smith, is a citizen and resident of Cabell County, West Virginia.

2. Defendant River Valley Child Development Services [RVCDS] is a West Virginia corporation with its principal place of business in Huntington, West Virginia. RVCDS provides health care and social services for children and their families.

3. At all times alleged, Defendant RVCDS acted by and through its agents, employees, supervisors, directors, members, officers and assigns and within the full scope of agency, office, employment, and/or assignment.

4. At all times alleged, Defendant RVCDS was a covered "employer" within the meaning of

the FMLA and the West Virginia Human Rights Act.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this civil action under 28 U.S.C. §1331.

6. Venue is appropriate in this case under 28 U.S.C. §1391(b) because Defendant is a resident of the state of West Virginia under 28 U.S.C. §1391(c)(2) and a substantial part of the events giving rise to this claim occurred in Cabell County, which is in the Southern District of West Virginia.

## FACTS

7. On or about February of 2020, Ms. Smith started her employment with Defendant RVCDS as an interim service coordinator for its birth to three (3) program.

8. Over the next three and a half years, Ms. Smith met the Defendant's reasonable expectations of her duties, and performed her work satisfactorily or better.

9. Ms. Smith created various systems used by Defendant to administer its programs and further its mission of assisting children and their families.

10. During the course of her employment, Ms. Smith required medical care and treatment for post-traumatic stress disorder (PTSD), anxiety, and depression.

11. Defendant RVCDS knew Ms. Smith had diagnoses of PTSD, anxiety, and depression because Ms. Smith had informed it of the same.

12. In addition, on or about September 5, 2023, Ms. Smith applied for leave for her medical conditions under the Family and Medical Leave Act.

13. The Defendant RVCDS approved Ms. Smith's FMLA leave, which she began taking on September 6, 2023.

14. On December 5, 2023 at 2 PM, Ms. Smith and the Defendant had a scheduled meeting to

discuss her return to work, which Ms. Smith forgot to attend.

15. Rather than take the incredibly, simple step of contacting Ms. Smith to reschedule the meeting, however, the Defendant immediately terminated her the same day of the meeting because it claimed Ms. Smith failed to notify it about rescheduling. See, Exhibit A.

16. Two days later, however, in a letter dated December 7, 2023, the Defendant falsely claimed that it had discussed Ms. Smith's termination with her when, in fact, no such discussion ever occurred. See, Exhibit B.

17. Exhibit B reveals that the Defendant had no intention of continuing Ms. Smith's employment upon her return from FMLA, and that her having missed the December 5, 2023 meeting was a sham reason or pretext for her termination. This is especially true because the Defendant made absolutely no effort to arrange for Ms. Smith's return to work.

18. As a result of her termination, Ms. Smith has suffered loss of income, emotional damages, and harm for which she seeks relief as set forth in the prayer for the same.

**COUNT I: DISCRIMINATION/RETALIATION FOR MS. SMITH EXERCISING RIGHTS AND ENGAGING IN CONDUCT PROTECTED UNDER THE FAMILY AND MEDICAL LEAVE ACT**

19. Plaintiff incorporates the previous paragraphs as if set forth herein.

20. The Defendant is a covered employer within the meaning of the FMLA.

21. Before requesting and/or requiring a leave of absence (FMLA leave), Ms. Smith had been employed by Defendant for longer than twelve (12) months and had worked at least 1250 hours of service for Defendants during the prior twelve-month period.

22. When Plaintiff notified Defendants of her serious health conditions (PTSD, anxiety, depression) and/or her need to take time off from work to care for and treat the same, she gave adequate and proper notice of her need to take leave under the FMLA.

23. When Plaintiff requested and/or required leave, she was qualified and eligible for a leave of absence under the FMLA, and, in fact, Defendant approved her FMLA leave.

24. In notifying Defendant of her serious health condition and her taking time to receive care for her serious health condition between from September 6, 2023 through December 5, 2023, Plaintiff engaged in conduct protected under the FMLA that entitles her to all relief under the FMLA, including job protection.

25. Defendant took adverse action against Ms. Smith by refusing to reschedule its meeting involving her return to work and then terminating her.

26. Plaintiff's protected conduct under the FMLA was a motivating factor in Defendant's decision to take adverse action against Plaintiff, up to and including termination.

27. Defendant's termination of Plaintiff after she notified Defendants that she had a serious health condition and took time off work due to her health condition was reckless and in deliberate disregard of Plaintiff's rights under the FMLA, and in violation of the FMLA's anti-discrimination and retaliation provisions.

28. Defendant's conduct, up to and including its termination of Plaintiff, is and was in bad faith, malicious, reckless and purposefully indifferent to Plaintiff's rights under the FMLA, and she seeks recovery as set forth in the prayer for relief.

**COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT**

29. Plaintiff incorporates the previous paragraphs as if set forth herein.

30. Plaintiff is a qualified person with a disability under the West Virginia Human Rights Act (W. Va. Code §5-11-9, et seq.).

31. Plaintiff has health conditions (PTSD, anxiety, depression) that substantially limit certain major life activities including, but not limited to, working.

32. Alternatively, Defendant and its agents regarded Plaintiff as having an impairment that substantially limits one or more of her major life activities.

33. At all times alleged, the Plaintiff is and was qualified for the original job she held with the Defendant because Plaintiff satisfies and satisfied the skill, experience, and other job-related requirements for the position she held, and she was and is able to perform the essential functions of her job, with or without reasonable accommodation.

34. Defendant took adverse action against Plaintiff when it 1) refused to reschedule the meeting Plaintiff had missed and engage in a meaningful, interactive communicate concerning her return to work or accommodations involving the same; and 2) and terminating Plaintiff without making any reasonable efforts to accommodate her.

35. Plaintiff's status as a person with a disability was a motivating factor in Defendant's decision to take the above-referenced adverse actions against her.

36. Any reason alleged by Defendant for its above-referenced, adverse actions against Plaintiff, is pretext for the real reason, namely, the intentional discrimination by Defendant against the Plaintiff based on her status as a person with a disability and/or its perception of Plaintiff as a person with a disability.

37. As a direct and/or proximate result of the intentional discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer injury including, but not limited to, past and future loss of income and other benefits of employment, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to her reputation, as well as other past and future pecuniary losses.

38. Defendant knew or reasonably should have known that its actions against Plaintiff were false, wanton, willful, malicious, and intended to solely harm her and were indifferent to

Plaintiff's rights under the West Virginia Human Rights Act. Wherefore, Plaintiff requests punitive damages and the relief as set forth below.

**COUNT III: *VANDEVANDER* CLAIM BASED ON THE PUBLIC POLICIES OF FMLA**

39. Plaintiff incorporates the previous paragraphs as if set forth herein.

40. Before her termination by Defendant, Ms. Smith had performed all conditions, covenants, promises, duties and responsibilities required of her and in accordance and conformity with Defendant's legitimate expectations.

41. In striving to comply with her duties as an employee and with the Family and Medical Leave Act, Plaintiff notified Defendant of her need for FMLA, and received approval for FMLA leave.

42. Plaintiff's discharge followed her protected activity (receipt of FMLA) within such a period of time (within the day that her FMLA leave ended) that the Court can make an incredibly, strong inference of retaliatory motivation.

43. The Defendant's treatment and termination of Plaintiff is a retaliatory and wrongful discharge in violation of the public policies embodied in the FMLA. *Vandevander v. Verizon Wireless, LLC*, 149 F. Supp. 3d 724, 731 (S.D.W.Va. 2016)(Chambers, J.)(noting FMLA provides a substantial public policy sufficient to support a West Virginia common law claim for retaliatory discharge in violation of public policy); *Collins v. Defendants Home Ctrs., LLC*, 2017 U.S. Dist. LEXIS 201430 (S.D.W.Va. December 7, 2017)(Chambers, J.)(Following *Vandevander*).

44. As a direct and proximate result of Defendant's intentional, discriminatory, and retaliatory acts against her, Plaintiff has suffered and continues to suffer injury, including, but not limited to, loss of past and future earnings and other benefits of employment, anguish, pain

and suffering, humiliation, loss of enjoyment of life, costs associated with obtaining employment, embarrassment, damage to her reputation and other past and future pecuniary losses. Wherefore, Plaintiff seeks relief as set forth below.

45. Defendant and its agents knew or reasonably should have known that their actions taken against Plaintiff were false, wanton, willful, and malicious and designed and intended solely to harm Ms. Smith.

46. Defendant's actions are and were indifferent to Plaintiff's rights under the public policies embodied in FMLA. Wherefore, Plaintiff seeks punitive damages and relief as provided below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Debra Smith requests judgment against the Defendant as follows:

a. On all Counts, actual damages including, but not limited to, damages for lost wages (back and front pay), lost compensation and benefits, and costs of treatment for emotional and/or physical harm suffered by Ms. Smith as a direct and/or proximate result of the above stated unlawful actions;

b. On Count I, liquidated damages and all amounts recoverable under the FMLA;

c. On Counts II and III, general and compensatory damages for annoyance, inconvenience, embarrassment anxiety, humiliation, and any other emotional harm suffered by Plaintiff as a direct and/or proximate result of Defendants' aforementioned actions;

d. Attorneys' fees and the costs of pursuing this action;

e. Prejudgment and post judgment interest on all amounts allowed by law;

f. Such further relief as is supported by the law; and

g. Any relief this Court deems fair and proper in the interests of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

PLAINTIFF, DEBRA SMITH
By Counsel,

s/Hoyt Glazer
Hoyt Glazer (WV Bar #6479)
Abraham J. Saad (WV Bar #10134)
Eric Anderson (WV Bar #11895)
GLAZER SAAD ANDERSON L.C.
320 Ninth Street, Suite B
Huntington, WV 25701
T. 304-522-4149
F. 800-879-7248
hoyt@gsalaw-wv.com
abe@gsalaw-wv.com
eric@gsalaw-wv.com